IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES HARDING,<br>    Petitioner, | :<br>:<br>: |
| v. | :   Case No. 5:21-cv-02393-JDW |
| | : |
| WARDEN MASON OF SCI<br>MAHANOY, et al.<br>    Respondents. | :<br>:<br>: |

## MEMORANDUM

James Harding objects to a Report & Recommendation and asks the Court to hold that the Covid-19 pandemic constitutes an extraordinary circumstance that equitably tolled the deadline for Mr. Harding to seek habeas relief. But Mr. Harding has not made the required showing, so the Court will adopt the R&R and deny his habeas petition.

**I.   BACKGROUND**

On January 26, 2018, Mr. Harding pled guilty in Northampton County to two charges of driving under the influence. The trial court sentenced him on February 2, 2018. The sentences were to run consecutively to each other, but the two sentences were to run concurrently with a separate sentence on a conviction in Montgomery County. Mr. Harding did not appeal.

On July 12, 2018, Mr. Harding filed a petition for collateral relief under Pennsylvania's Post-Conviction Relief Act. On January 15, 2019, the PCRA court dismissed Mr. Harding's petition. He did not appeal. However, on February 18, 2019, he filed a petition for habeas corpus relief in the Pennsylvania Supreme Court. The Supreme Court denied that petition on March 29, 2019. On July 23, 2019, Mr. Harding filed a Petition for Writ of Mandamus of Extraordinary Relief in the Pennsylvania Commonwealth Court. On September 19, 2019, the Commonwealth Court dismissed his petition for failure to comply with orders that the court had issued. It denied a reconsideration motion on October 7, 2019. He filed three additional mandamus petitions, all of

which were denied. The last denial, from the Pennsylvania Supreme Court, was on March 10, 2020.

On May 21, 2021, Mr. Harding filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Mr. Harding contends that the sentencing judge surreptitiously changed the sentences when he completed a sentencing form for the Pennsylvania Department of Corrections, causing Mr. Harding to serve a longer sentence than he should be serving. The Court referred Mr. Harding's petition to United States Magistrate Judge Scott Reid for a Report and Recommendation. On September 13, 2021, Judge Reid issued an R&R recommending that the Court dismiss Mr. Harding's petition as time-barred. The R&R sets forth the relevant facts related to the timeliness issue, and the Court need not repeat them here. Indeed, Mr. Harding does not dispute Judge Reid's recitation of the procedural history of his case. On September 27, 2021, Mr. Harding filed his objections to the R&R. The District Attorney of Northampton County filed an opposition to those objections, which are ripe for resolution.

## II.     LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period on an application for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). With few exceptions, the limitations period begins "the date on which the [habeas petitioner's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). The running of the AEDPA's statute of limitations is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim[.]" 28 U.S.C. § 2244(d)(2).

### III. DISCUSSION

#### A. Preliminary Matter

Mr. Harding's first objection is without merit. He contends that Judge Reid should not have considered the County's Answer because Judge Reid dismissed the Answer as moot. But Mr. Harding misreads Judge Reid's Order. Once the County filed its Answer To Petition For Writ of Habeas Corpus, Judge Reid denied the County's earlier Motion For Extension Of Time To File Rule 5 Answer as moot. This means that Judge Reid denied the Motion, **not** the County's Answer. Thus, the Court will overrule Mr. Harding's first objection.

#### B. Timeliness

Mr. Harding does not challenge Judge Reid's finding that his habeas petition is untimely. Instead, he simply reiterates the same arguments he made in his habeas petition and related filings. However, Judge Reid never addressed the merits of Mr. Harding's claim because he determined that Mr. Harding filed his petition after the expiration of the AEDPA's one-year statute of limitation. Judge Reid reached this conclusion even after giving Mr. Harding the benefit of every doubt, however unlikely, as to whether his various state court filings tolled the AEDPA's statutory time limit. Because Judge Reid did not make any specific findings as to the merits of Mr. Harding's underlying claim, the Court will overrule Mr. Harding's objections that speak to the substance of his habeas petition.

#### C. Equitable Tolling

While Mr. Harding does not object to Judge Reid's conclusion that his habeas petition is untimely, Mr. Harding appears to argue that equitable tolling should excuse the untimely filing. The R&R acknowledges that the AEDPA's statute of limitations is subject to equitable tolling when appropriate. However, "a court should be sparing in its use of the doctrine." *Ross v. Varano*,

712 F.3d 784, 799 (3d Cir. 2013) (citation omitted).  Thus, equitable tolling will apply only where the petitioner can show that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (same).  In several cases across the country, habeas petitioners like Mr. Harding have argued that the Covid-19 pandemic and associated prison lockdowns constitute an extraordinary circumstance that warrants equitable tolling.  *See, e.g.*, *United States v. Henry*, No. 17-cr-180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020), *certificate of appealability denied*, No. 21-1285, 2021 WL 3669374 (3d Cir. June 3, 2021).  The courts that have confronted this particular issue have held that in order to prevail on this argument, the petitioner "must show that he was diligently pursuing his rights, and how, **specifically**, the pandemic prevented him from timely filing."  *Washington o/b/o N.J.W. v. Kijakazi*, No. 20-cv-908, 2021 WL 3676972, at *2 (N.D. Ala. Aug. 19, 2021) (collecting cases) (emphasis added).  Mr. Harding has not shown either.

In his initial filing, Mr. Harding indicated that he submitted his habeas petition after the AEDPA's one-year deadline because after he exhausted his state remedies, "the jails [sic] Law Library, and the administration shut down and was unavailable for over 8 months due to the Covid 19 epidemic."  (ECF No. 1 at 17.)  Mr. Harding then "receive[d] one day a week in the prisons [sic] Law Library[,]" and he asked that the Court "be mindful of this 'stiff predicament.'"  (*Id.*)  The R&R does not address this issue.  Thus, Mr. Harding raised the issue again in his objections to the R&R:

> As of March 2020 (the month the COVID pandemic hit America) petitioner [sic] last appeal was denied, … April of 2020 for 8 or 9 months the prisons [sic] Law Library was shut down.  As soon as a slot was made available in 2021[,] petitioner filed this writ of habeas corpus.  The Magistrate seek[s] to hold petitioner responsible for the closing of the Law Library.

4

(ECF No. 20 at 3 n.1.)  Mr. Harding appears to be referring to the Supreme Court of Pennsylvania's Order dated March 10, 2020, wherein the Court denied Mr. Harding's Petition For A Writ Of Mandamus Or Extraordinary Relief, his Application For Relief, and his Motion For Leave To File The Enclosed Letter.  (ECF No. 20 at page 12 of 14.)  Judge Reid concluded that even if Mr. Harding's final Petition For A Writ Of Mandamus tolled the AEDPA's statutory deadline (which was unlikely), Mr. Harding would have needed to file his present habeas petition by mid-September 2020.  (ECF No. 19 at page 10 of 13.)  Mr. Harding appears to contend that the closure of the law library during this time was an extraordinary circumstance that warrants equitable tolling, but he has not satisfied his burden to make that showing.

*First*, Mr. Harding has not shown that he was diligent in pursuing his rights.  Namely, he has not demonstrated exactly when the prison law library was closed or that he was denied access during the entire time period in question.  "'Absent evidence in the record,' … this Court will not 'consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition ..., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.'"  *Ferrell v. Lumpkin*, No. 21-cv-420, 2021 WL 4340971, at *3 (W.D. Tex. Sept. 23, 2021) (quoting *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018)).  Even if the Court accepted Mr. Harding's unsupported assertion that the prison's law library was closed for eight or nine months, Mr. Harding fails to explain why he did not file his habeas petition until May 21, 2021, many months after the law library reopened.  Thus, the Court cannot say that Mr. Harding was diligent in pursuing his rights, and he is not entitled to equitable tolling.

*Second*, Mr. Harding has failed to demonstrate with any specificity **how** the lack of access to the law library prevented him from filing his habeas petition.  "Courts have held that '[a] lockdown and limited library access alone do not support a finding that the statute must be

5

equitably tolled. Rather, petitioner must show that these circumstances actually impeded his ability to file a timely petition." *Hill v. Kauffman*, No. 21-cv-389, 2021 WL 4467582, at *5 (E.D. Pa. July 27, 2021), *report and recommendation adopted*, 2021 WL 4453639 (E.D. Pa. Sept. 29, 2021) (quotation omitted); *see also Pena-Gonzales v. Kansas*, No. 21-cv-3185, 2021 WL 4134347, at *2 (D. Kan. Sept. 10, 2021) ("Lack of access to a law library does not necessarily warrant equitable tolling."). That is, to toll the limitations period, Mr. Harding must demonstrate that "the lack of library access … actually prevented [him] from filing his habeas petition." *Alvarez v. Lumpkin*, No. 21-cv-21, 2021 WL 4777497, at *3 (S.D. Tex. Sept. 7, 2021), *report and recommendation adopted*, 2021 WL 4776747 (S.D. Tex. Oct. 12, 2021) (citation omitted). He has not done so. For example, he "fails to sufficiently explain what additional materials he needed or why lack of access to those materials actually prevented him from timely filing his petition." *Pryor v. Erdos*, No. 20-cv-2863, 2021 WL 4245038, at *9 (N.D. Ohio Sept. 17, 2021). Indeed, Mr. Harding utilized the Court's standard 28 U.S.C. § 2254 form, which "does not require a petitioner to analyze or cite case law." *Alvarez*, WL 4777497 at *3. Though Mr. Harding's habeas petition includes a few citations to cases and Pennsylvania statutes, he did not make any "legal arguments that would have required lengthy library access prior to submission. Instead, he simply restated the claims that he raised in his post-conviction briefs." *Mairs v. Fields*, No. 20-cv-1451, 2021 WL 4311140, at *3 (E.D.N.Y. Sept. 22, 2021); *see also Graf v. Meyer*, No. 21-cv-3183, 2021 WL 3911255, at *3 (D. Kan. Sept. 1, 2021) ("[T]he grounds for relief Petitioner asserts were previously developed at least to the extent that he raised them in the state courts, so it is unclear how a lack of access to the law library caused his failure to timely file the petition."). Without demonstrating how his lack of access to the law library prevented him from timely filing his habeas petition, Mr. Harding cannot establish that equitable tolling applies. Thus, his petition remains time-barred.

## IV.  CONCLUSION

Mr. Harding does not object to Judge Reid's finding that his habeas petition is untimely, and he offers no basis for equitable tolling.  Thus, the Court will approve and adopt Judge Reid's R&R and overrule Mr. Harding's objections.  An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

November 8, 2021